USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROBIN BENTON,

                     **Plaintiff,**

       - against -

CARLTON SPILLER & FREDERICK GOOD,

                    **Defendants.**

**REPORT AND**
**RECOMMENDATION**

**10 Civ. 3338 (SHS) (RLE)**

**To the HONORABLE SIDNEY H. STEIN, U.S.D.J.:**

## I. INTRODUCTION

On April 21, 2010, *Pro Se* Plaintiff Robin J. Benton filed a complaint against Defendants Carlton T. Spiller and Frederic W. Good alleging a breach of contract. Before the Court is Benton's motion to remove the case from this jurisdiction and to remand to the appropriate state court. For the following reasons, I recommend that the request to remand by **DENIED** as there is no prior court to remand to, but that the case be **DISMISSED** for lack of diversity jurisdiction.

## II. BACKGROUND

This case arises from the breakdown of business dealings between the Parties related to the Nuyorican Poets Café ("the Café"), a landmark poetry, music, visual arts, and theater venue in New York City. (*See* Compl., Ex. 1.) Benton, Spiller, and Good were all business associates of the Café, and were involved in attempts to expand the Café's business ventures to include publishing, television, and the internet. (Compl. 5-6.) In his original Complaint, Benton accused Spiller and Good of breach of contract related to these attempts. (*Id.*) As Benton is a New York resident and Spiller and Good are residents of New Jersey and North Carolina, respectively, and Benton was claiming $165,000 in damages, the case was properly filed in this District on diversity grounds. On August 20, 2010, this Court gave Benton leave to amend his Complaint. On September 14, 2010, he filed the motion now

under consideration, asserting that he would be adding nondiverse defendants in his Amended

Complaint. Spiller filed an opposition to that motion on September 28, 2010. On October 18, 2010,

Benton filed his Amended Complaint naming additional defendants New View Publications, a North

Carolina resident, and Lois Griffith and Nuyorican Poets Café, both New York residents.

### III. DISCUSSION

**A. Because There is No Longer Complete Diversity Between the Parties, This Court Lacks Jurisdiction in This Case**

In order for a federal district court to hear a case based on state law claims, there must be

complete diversity between the parties. 28 U.S.C. § 1332 provides, "The district courts shall have

original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000 . . . and is between . . . citizens of different States." This provision has been interpreted to

require complete diversity: no plaintiff may be a resident of the same state as any defendant. *See, e.g.,*

*Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).

There is some question as to the effect of this rule when there is complete diversity at the time of

the original filing of a Complaint which is later amended to add nondiverse parties. Spiller calls the

Court's attention to *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991), in which

the Supreme Court said, in dicta, "[d]iversity jurisdiction, once established, is not defeated by the

addition of a nondiverse party to the action." In *Freeport*, a nondiverse plaintiff was added when one of

the original plaintiffs transferred its interest for business reasons unrelated to the litigation. *Id.* The

Supreme Court noted that the new plaintiff was not an indispensable party when the suit was

commenced. *Id.* at 429. In the years since the *Freeport* decision, numerous federal courts have sought to

limit its holding to the facts of that case. *See, e.g., Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione*

*Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 52 n. 9 (2d Cir. 1991); *Salt*

2

*Lake Tribune Publ'g Co. v. AT & T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003); *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 725 (8th Cir. 2001); *Whalen v. Carter*, 954 F.2d 1087, 1096 (5th Cir. 1992); *National Westminster Bank, PLC v. Grant Prideco, Inc.*, 343 F. Supp. 2d 256, 259 (S.D.N.Y. 2004). In amending his Complaint, Benton is adding new claims against new parties. The Café, in particular, is an indispensible party, as it was a party to the contract that Benton is claiming has been breached. (Am. Compl. ¶¶ 38-46.) This is not a case, like *Freeport*, "in which a claim was assigned to a non-diverse stranger who did no more than take over a case previously and properly in a federal court," *National Westminster*, 343 F. Supp. 2d at 259, but rather is "one in which the core of the dispute always was, and remains, a controversy between non-diverse parties." *Id.* Accordingly, this Court should not retain jurisdiction.

## B. Because This Case Was Never in State Court, It Cannot Be Remanded

In his September 14 motion, Benton asks for removal from federal district court and remand to the New York State Supreme Court, Kings County. As this case was not originally filed in a state court, it cannot be remanded to state court. *See generally* 28 U.S.C. § 1441.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Benton's motion for remand should be **DENIED**, and this case should be **DISMISSED** without prejudice so that Benton may refile his claim in state court.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010 and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file

timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated: October 29, 2010
New York, New York

Respectfully submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

4